CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 5 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JO'NATHAN TALBERT,<br>    Plaintiff, | Civil Action No. 7:05CV00736 |
| v. | MEMORANDUM OPINION |
| W. SMITH, et al.,<br>    Defendants. | By Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Jo'nathan Talbert, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the warden at Red Onion State Prison, Tracy Ray, and nine officials at Wallens Ridge State Prison, A.D. Robinson, Lieutenant Combs, Sergeant Still, Sergeant Anderson, Sergeant Hall, W. Smith, C. Barnette, J. Taylor, and Sergeant Kilborne. The case is presently before the court for review, pursuant to 28 U.S.C. § 1915A. For the following reasons, the court concludes that a portion of the plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). This provision provides, in pertinent part, that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## BACKGROUND

The following factual allegations are taken from the plaintiff's original complaint (docket #1), his "amended complaints" (docket #7 and #22)*, and his separately submitted affidavits (docket #14, #15, and #19). The events giving rise to the present action occurred while the plaintiff was incarcerated at Wallens Ridge. The plaintiff alleges that on September 15, 2005, A.D. Robinson placed the plaintiff in a cell with a smoker, even though the plaintiff suffers from

---

\* The court will construe the plaintiff's amended complaints as motions to amend. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court will grant the plaintiff's motions.

asthma. On September 18, 2005, the plaintiff began experiencing chest pains. Officers C. Barnette and J. Taylor subsequently escorted the plaintiff to the medical department.

The plaintiff was subsequently examined in the medical department. The nurses who performed the examination advised the plaintiff that he did not have any heart problems. The plaintiff also spoke with Lieutenant Combs. The plaintiff asked Combs to transfer him to a cell with a non-smoker. Combs told the plaintiff that he could not be transferred on the weekend. When the plaintiff emphasized that he suffers from asthma, Combs began using a variety of racial slurs. Specifically, the plaintiff alleges that Combs referred to him as a "nigger" and as a "coon boy." Combs then told the other officers to place the plaintiff in segregation.

After the plaintiff was placed in segregation, the plaintiff was directed to kneel. The plaintiff alleges that he complied with the officers' orders and that he did not act aggressively. Nonetheless, while the plaintiff was in full restraints, he was assaulted by Barnette, Taylor, Kilborne, Smith, Anderson, and Hall. The plaintiff alleges that the officers beat him for six minutes, and that they only stopped after they saw a lot of blood. The plaintiff alleges that he suffered the following injuries from the assault: a cut above his right eye; lacerations to his wrist and ankles; knots and lumps on his head and face; blurred vision; numbness to his body and face, and pain to his back, legs, and knees. The plaintiff also alleges that skin was ripped from his right shoulder and that the injuries caused him to urinate and cough up blood.

According to the plaintiff, the assault was racially motivated. The plaintiff alleges that the officers involved in the assault told him that they had killed "niggers" in the past. The plaintiff further alleges that the officers produced a rope and threatened to hang the plaintiff with the rope.

2

The plaintiff alleges that after he was placed in segregation, his Muslim lessons were confiscated by Sergeant Hall and Sergeant Still. The officers told the plaintiff that his religious materials were gang materials, and they referred to his religion as a cult. As a result, the plaintiff alleges that Hall and Still violated his First Amendment rights.

On September 19, 2005, the day after the alleged assault, the plaintiff was transferred to Red Onion State Prison. The plaintiff alleges that the transfer violated his right to due process.

## ANALYSIS

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of rights secured by the Constitution or laws of the United States, and that the deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the following reasons, the court concludes that the plaintiff's allegations against Tracy Ray, A.D. Robinson, and Lieutenant Combs are not actionable under § 1983. The court also concludes that the plaintiff's due process claims must be dismissed.

1. Tracy Ray

Although the plaintiff names Tracy Ray, the warden at Red Onion, as a defendant, the plaintiff has failed to explain how Ray is associated with his claims. By order entered December 5, 2005, the court directed the plaintiff to amend his complaint to include specific allegations as to how each defendant engaged in conduct that violated the plaintiff's rights. While the plaintiff has provided additional details regarding his claims against the other nine defendants, the plaintiff has failed to explain how defendant Ray violated his constitutional rights. Therefore, Ray will be dismissed from the case.

3

2. A.D. Robinson

The plaintiff alleges that A.D. Robinson, the warden at Wallens Ridge, placed the plaintiff in a cell with a smoker on September 15, 2005, despite the fact that the plaintiff suffers from asthma. The plaintiff remained in the smoking cell until September 18, 2005. The plaintiff alleges that the smoke exacerbated his asthma, caused chest pains, and endangered his future health.

Inasmuch as the plaintiff's allegations can be construed as a living conditions claim, the court concludes that the claim is without merit. While the Eighth Amendment protects inmates from cruel and unusual living conditions, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). In order to state a claim of constitutional significance regarding prison conditions related to environmental tobacco smoke ("ETS"), a plaintiff must demonstrate that, due to the exposure, he sustained a serious or significant mental or physical injury and that prison officials were deliberately indifferent to such health threats. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Moreover, to prevail on a claim of risk of future injury, an inmate must show that the levels of ETS exposure were so substantial as to endanger his future health and that "society considers the risk . . . so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling v. McKinney, 509 U.S. 25, 35-36 (1993).

Although the plaintiff's assignment to a smoking cell may have been uncomfortable, the plaintiff has failed to allege sufficient facts to demonstrate that he sustained a serious or significant injury. The plaintiff acknowledges that he only spent three days in the smoking cell

4

before he was examined in the medical department and ultimately placed in segregation. While the court does not doubt that the smoke exacerbated his asthma, the plaintiff's difficulty breathing and chest discomfort are not the types of medical conditions that are sufficiently serious to state a constitutional claim. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to ETS resulted in breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy). Additionally, given the plaintiff's limited exposure to ETS, the court concludes that the plaintiff has failed to allege sufficient facts to establish that he is at risk of future harm. Accordingly, the court will dismiss the plaintiff claims against A.D. Robinson.

3. Lieutenant Combs

As previously stated, the plaintiff alleges that Lieutenant Combs voiced a variety of racial slurs toward the plaintiff, after he asked to be transferred to a nonsmoking cell. Although the court does not condone such misconduct, verbal abuse and harassment by guards, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that an officer's use of an obscene name was not actionable under § 1983); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N. D. N.Y. 1984) (holding that "the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim."). Accordingly, the court will dismiss the plaintiff's claim against Lieutenant Combs.

5

4. Plaintiff's Due Process Claims

The plaintiff appears to allege that his due process rights were violated when he was placed in segregation after he was examined in the medical department. A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed the plaintiff's allegations, the court concludes that he has failed to allege facts sufficient to establish that his conditions of confinement in segregation posed an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that conditions of confinement in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Because the plaintiff did not possess a liberty interest in avoiding confinement in segregation, he was not entitled to due process protections.

The plaintiff also appears to allege that his due process rights were violated when he was transferred to Red Onion. However, because inmates do not have a protected interest in being housed in a particular institution, this claim must also be dismissed. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

## CONCLUSION

For the reasons stated, the court concludes that the plaintiff has failed to allege sufficient factual allegations to state a claim against Tracy Ray, A.D. Robinson, or Lieutenant Combs.

6

Therefore, these three defendants will be dismissed from the case. The court also concludes that the plaintiff's due process claims must be dismissed. The case will proceed as to the following defendants: Sergeant Anderson, Sergeant Hall, W. Smith, C. Barnette, J. Taylor, and Sergeant Kilborne, to the extent that the plaintiff alleges that these six defendants used excessive force against him on September 18, 2005, and that the use of force was racially motivated; and Sergeant Still, to the extent that the plaintiff alleges that Still and Hall deprived him of his religious materials in violation of his First Amendment rights.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 15th day of February, 2006.

_____
United States District Judge