CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 17 2006

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JO'NATHAN TALBERT,<br>Plaintiff, | )<br>) Civil Action No. 7:05CV00736<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| W. SMITH, et al.,<br>Defendants. | ) By Hon. Glen E. Conrad<br>) United States District Judge |

The plaintiff, Jo'nathan Talbert, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the warden at Red Onion State Prison, Tracy Ray, and nine officials at Wallens Ridge State Prison, A.D. Robinson, Lieutenant Combs, Sergeant Still, Sergeant Anderson, Sergeant Hall, W. Smith, C. Barnette, J. Taylor, and Sergeant Kilborne. By opinion and order entered February 15, 2006, the court dismissed defendants Ray, Robinson, and Combs, pursuant to 28 U.S.C. § 1915A(b)(1). The court held that the plaintiff had failed to allege sufficient factual allegations to state a claim against these three defendants. The plaintiff has now filed a motion for reconsideration and four motions to amend his complaint.

### Motion for Reconsideration

In his motion for reconsideration (docket #38), the plaintiff argues that the court erred in dismissing Ray, Robinson, and Combs without providing the plaintiff the opportunity to particularize or amend his complaint. However, the plaintiff received the opportunity to amend his complaint before the court dismissed these three defendants. By order entered December 7, 2005, the plaintiff was directed to amend his complaint to include specific allegations as to how each defendant engaged in conduct that violated the plaintiff's rights. In response to the court's order, the plaintiff filed two amended complaints (docket #7 and #22), and several affidavits (docket #14, #15, and #19). Prior to dismissing Ray, Robinson, and Combs, the court considered the plaintiff's allegations in these additional submissions, as well as the allegations in the plaintiff's original

complaint. Having reviewed the plaintiff's motion for reconsideration and the pertinent portions of the record, the court finds no basis upon which to alter or amend its previous opinion and order. The court remains convinced that the factual allegations in the aforementioned documents failed to state a claim of constitutional magnitude against Ray, Robinson, and Combs. Therefore, the court will deny the plaintiff's motion for reconsideration.

## Motions to Amend

In addition to his motion for reconsideration, the plaintiff has filed motions to amend his complaint to include new allegations against Ray, Robinson, and Combs (docket #37 and #39). To the extent that the plaintiff now alleges that Robinson and Combs either directed defendants Anderson, Hall, Smith, Barnette, Taylor, and Kilborne to assault the plaintiff on September 18, 2005, or tacitly authorized the assault, the court will grant the plaintiff's motions to amend. However, to the extent that the plaintiff now alleges that Ray violated his due process rights by permitting him to lose good-time credits on the basis of false disciplinary charges, the plaintiff's motions will be denied as futile.*

The plaintiff has also filed motions to amend his complaint to include a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, and to include an additional party, L. Mullins (docket #41 and #44). To the extent that the plaintiff

---

*The plaintiff appears to seek two forms of relief as a result of the lost good-time credits: the restoration of the credits and monetary damages. However, neither form of relief is available. Pursuant to the United States Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), a prisoner seeking the restoration of good time credits may only do so by way of a petition for writ of habeas corpus. Additionally, because the plaintiff's allegations, if proven, would necessarily imply the invalidity of his disciplinary conviction, the plaintiff's claim for monetary damages is not cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a claim for monetary damage may not be brought under § 1983 if the claim "necessarily implies the invalidity of [the prisoner's] conviction or sentence."); Edwards v. Balisok, 520 U.S. 641, 645-648 (1997) (extending Heck to prisoner claims for damages stemming from the loss of good time credits).

2

wishes to add a RLUIPA claim, the plaintiff's motions will be granted. However, to the extent that the plaintiff wishes to add a claim against L. Mullins, the plaintiff's motions will be denied. The plaintiff alleges that Mullins, as the disciplinary hearing officer, violated the plaintiff's due process rights by permitting the plaintiff to lose good-time credits on the basis of false disciplinary charges. As previously explained, amending the plaintiff's complaint to include such a claim would be futile.

## Conclusion

For the reasons stated, the plaintiff's motion for reconsideration will be denied, and the plaintiff's motions to amend will be granted in part and denied in part. A.D. Robinson and Lieutenant Combs will be reinstated as defendants in this case. The plaintiff is advised that no further amendments will be permitted.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 17th day of March, 2006.

/s/ Glen E. Conrad
United States District Judge