IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JO'NATHAN TALBERT, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00736 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| W. SMITH, et al., ) | By Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

This case is presently before the court on the defendants' motion for reconsideration of the order granting the plaintiff's motion to amend, and the defendants' alternative motion for an extension of time to file a responsive pleading. For the following reasons, the court will deny the defendants' motion for reconsideration and grant the defendants' motion for an extension of time.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Although a party may otherwise amend a pleading "only by leave of court or by written consent of the adverse party," Rule 15(a) emphasizes that "leave shall be freely given when justice so requires." Id. The general standard for determining "when justice so requires" is as follows:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). As the United States Court of Appeals for the Fourth Circuit explained in Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), the Foman factors "embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants."

Having reviewed the defendants' motion for reconsideration, the court remains convinced that its decision to grant the plaintiff's most recent motion to amend was appropriate. Although the court recognizes that the plaintiff was previously advised that no further amendments would be granted, the court concludes that the Foman factors favor granting the plaintiff's most recent motion. The plaintiff's motion seeks to include additional claims that are closely related to the claims alleged in the plaintiff's original complaint. Moreover, at the time the motion was granted, the defendants had not yet filed a responsive pleading. Although the defendants emphasize that they will have to reevaluate previously prepared affidavits in response to the plaintiff's amendments, the court is unable to conclude that the amendments, at this stage of the proceedings, will result in undue prejudice. The court agrees with the defendants that the plaintiff should not be permitted to use amendments as an attempt to "side-step" filing fees. However, given the nature of the plaintiff's most recent amendments, the court believes that judicial resources will be more efficiently conserved by permitting them to be addressed in the present action.

For the reasons stated, the defendants' motion for reconsideration of the order granting the plaintiff's motion to amend will be denied. Because the plaintiff's amendments will require additional investigation by the defendants, the court will grant the defendants' alternative motion for an extension of time to file a responsive pleading. The defendants shall have until June 9, 2006 to file a responsive pleading.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 9th day of May, 2006.

_____
United States District Judge