CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 9 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JO'NATHAN TALBERT, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00736 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| W. SMITH, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Jo'nathan Talbert, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The plaintiff alleges, in part, that the defendants used excessive force against him on the basis of his race, and that the defendants deprived him of his religious materials in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5.[1] The plaintiff has attempted to engage in discovery. The court previously granted the defendants' motion for a protective order, pending the filing of a responsive pleading. The defendants have since filed a motion for summary judgment in which they argue that they are entitled to qualified immunity. The defendants seek a continued stay of discovery until the court rules on this issue. However, the plaintiff argues that he cannot properly respond to the defendants' motion until he is permitted to engage in discovery. For the following reasons, the court will vacate the protective order previously entered and permit the plaintiff to engage in discovery.

The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Citing the United States Supreme Court's decision in Harlow

---

[1] The plaintiff also asserts state law claims for conspiracy, assault and battery, malicious wounding, and negligence.

and in Siegert v. Gilley, 500 U.S. 226 (1991), the defendants correctly note that qualified immunity operates to protect government officials from both the burdens of trial and discovery. However, the Supreme Court has "since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Crawford-El v. Britton, 523 U.S. 574, 593 n.14 (1998) (citing Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). When, for instance, a motion for summary judgment involves contested factual assertions, limited discovery may be appropriate. See Anderson, 483 U.S. at 646 n. 6 (discovery may be necessary if the defendant's characterization of his actions differs from the plaintiff's characterization of those actions).

Having reviewed the record, the court concludes that this is the situation here. The defendants have chosen to raise the issue of qualified immunity in a fact-intensive motion for summary judgment that is supported by affidavits and documentary evidence. Because there is a factual dispute as to the underlying events in this case, it would be inherently unfair for the court to consider the evidence presented by the defendants without providing the plaintiff the opportunity to engage in discovery and fully respond to the defendants' motion. See Castro v. United States, 34 F.3d 106, 112 (2d Cir. 1994) ("Where the claimant's description of the events suggests that the defendants' conduct was unreasonable, and the facts that the defendants claim are dispositive are solely within the knowledge of the defendants and their collaborators, summary judgment can rarely be granted without allowing the plaintiff an opportunity for discovery as to the questions bearing on the defendants' claims of immunity."); Estate of Sorrells v. City of Dallas, 192 F.R.D. 203, 209 (N.D. Tex. 2000) (noting that it was unfair for the defendants to "hide behind the shield of qualified immunity to deny access to evidence solely within their control while using that same evidence

2

against plaintiffs.). Accordingly, the court will vacate the protective order previously entered and permit the plaintiff to engage in discovery.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 28th day of June, 2006.

/s/ Glen Conrad
United States District Judge