CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JO'NATHAN TALBERT, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00736 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| W. SMITH, et al. ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Jo'Nathan Talbert, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5, against the warden and several correctional officers at Wallens Ridge State Prison. At the time the action was filed, Talbert had been transferred to Red Onion State Prison, where he is still incarcerated. Talbert has now filed three motions for a preliminary injunction and/or temporary restraining order, in which he alleges that unnamed officers at Red Onion are retaliating against him as a result of the pending action. Specifically, Talbert alleges that the officers have deprived him of food and recreation, sexually harassed him, and confiscated his legal mail. Talbert seeks an order directing prison officials to transfer him to another institution.

A preliminary injunction or temporary restraining order is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). In deciding whether to grant preliminary injunctive relief, courts must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest. Hughes Network Systems, Inc. v.

InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). However, in this case, the aforementioned factors need not be considered. It is well settled that except in limited circumstances, which are not alleged here, a court may not order injunctive relief against non-parties. See Fed. R. Civ. P. 65(d) (injunctions and restraining orders bind only "the parties to the action, their officers or agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them"). Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Because Talbert's motions are based on new assertions of mistreatment that are entirely different from the claims raised in his original and amended complaints, and the motions pertain to the actions of officers who are not parties to this action, Talbert's motions must be denied.*

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Talbert.

ENTER: This 9th day of March, 2007.

*Jack Conrad*
United States District Judge

---

*The court notes that if Talbert believes that officers at Red Onion have violated his constitutional rights, he may raise such claims in a separate civil rights action under § 1983.